IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02645-WJM-BNB

MONITA MCKINNEY,

Plaintiff,

v.

ONEWEST BANK, FSB,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant OneWest Bank FSB's Motion to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 8(a), 9(b) and 12(b)(6)** [Doc. #11, filed 10/19/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

This action was removed from the Weld County District Court on October 5, 2012 [Doc. #1]. The Complaint contains the following allegations:

1.  On July 22, 2009, the defendant fraudulently sold the plaintiff's home[1] without notifying the plaintiff and without following the Home Affordable Foreclosure Alternative ("HAFA") guidelines. *Complaint*, p. 2.[2]

2.  The plaintiff did not discover that the property was sold until several months later. Id.

3.  Prior to July 22, 2009, the defendant approved an HAFA short sale of the property. The defendant unexpectedly sold the property during the HAFA process. Id.

4.  The plaintiff's credit was destroyed, and she became homeless. Id.

5.  Due to her loss of employment, the plaintiff did not qualify for the Home Affordable Modification Program ("HAMP"). Id. at p. 3.

6.  Under federal guidelines, if a borrower does not qualify for HAMP loan modification, the borrower must be given the opportunity to participate in HAFA, including a short sale. Id.

7.  The plaintiff had a buyer for the property, and all of the documents were ready. Id.

---

[1]The home is located at 453 Harbor Court, Windsor, Colorado 80550. *Complaint*, p. 2.

[2]The Complaint is not consecutively paginated. Reference is to the page numbers of the Complaint as they are assigned by the court's docketing system.

8.  The defendant provided the plaintiff with incompetent responses, giving the plaintiff hope of selling the property by HAFA short sale. The defendant has not provided any legitimate reason for selling the property and preventing the short sale. Id. at pp. 3-4.

The plaintiff requests $500,000.00 in compensatory damages. Id. at p. 4.

### III.  ANALYSIS

The defendant argues that the plaintiff has failed to meet the pleading requirements of Rule 8, Fed. R. Civ. P. because the Complaint does not contain clear factual allegations, set forth allegations in numbered paragraphs, or clearly identify claims. The defendant complains that it "is left to speculate about the exact nature of Plaintiff's action." The defendant also argues that the Complaint fails to state a claim upon which relief may be granted because HAFA does not provide a private cause of action and the plaintiff has failed to plead her fraud claim with particularity as required by Rule 9(b), Fed. R. Civ. P.

The plaintiff responds that her "legal claim for Promissory Estoppels, is in the interest of justice."[3] *Plaintiff's Opposition to Defendant's Motion to Dismiss Cause of Action, Promissory Estoppel* [Doc. #19] (the "Response"), p. 1. She does not address the defendant's arguments regarding fraud and HAFA; she only discusses promissory estoppel. Therefore, to the extent the Complaint contains a claim for fraud or a claim pursuant to HAFA, those claims have been abandoned. Poole v. Southwestern Bell Telephone L.P., 86 Fed.Appx. 372, 374 (10th Cir. 2003) (deeming claims abandoned in the district court because the plaintiff did not oppose defendant's argument to dismiss them in response to motion to dismiss). I construe the Complaint to assert

---

[3]I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

3

only a claim for promissory estoppel. Further, I find that the allegations of the Complaint are sufficient to survive a Rule 8 challenge.

The defendant argues that the plaintiff's claim for promissory estoppel fails as a matter of law. Specifically, the defendant states:

> Plaintiff does not allege that any statement by OneWest induced her to take action or forbearance of a definite and substantial character. Plaintiff does not allege that she took any action or forbearance in reliance on OneWest's alleged promise. Significantly, the harm Plaintiff alleges is the loss of property through foreclosure by OneWest. Therefore, Plaintiff does not allege that she suffered harm as a result of her own action or forbearance.

*Reply in Support of Defendant OneWest Bank FSB's Motion to Dismiss . . . .* [Doc. #27] (the "Reply"), p. 3.

Colorado has adopted the doctrine of promissory estoppel as articulated in the Restatement of Contracts. Kiely v. St. Germain, 670 P.2d 764, 767 (Colo. 1983). The Restatement provides:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Restatement (Second) of Contracts, § 90(1) (1981).

"The purpose of promissory estoppel is to provide a remedy, under certain circumstances, to those who rely to their detriment upon promises which the promisor should have reasonably expected to induce such reliance. In the absence of a promissory estoppel cause of action, these promises would not be enforceable, generally due to a lack of consideration or a failure of the parties to reach a mutual agreement." Vigoda v. Denver Urban Renewal Authority, 646 P.2d

900, 905 (Colo. 1982).  However, "[t]o be entitled to relief, a party must show that, to its detriment, *it changed its position* in justifiable reliance on the promise of another."  <u>Frontier Exploration, Inc. v. American Nat. Fire Ins. Co.</u>, 849 P.2d 887, 890 (Colo. App. 1992) (emphasis added).

The plaintiff claims that she relied on the defendant's "written promise to allow completion of a short sale . . . ."  *Response*, p. 1.  Although the plaintiff states that as a direct result of the foreclosure, she "lost a home worth $500,000" and suffered "destruction of [her] credit history for seven years," she has not alleged any facts to show that she changed position (*i.e.* took any action or refrained from taking any action) to her detriment based on the defendant's alleged promise to conduct a short sale.  Accordingly, the Motion should be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant OneWest Bank FSB's Motion to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 8(a), 9(b) and 12(b)(6) [Doc. #11] be GRANTED and the Complaint be DISMISSED in its entirety.[4]

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 13, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge